IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOLTAN NAGY,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED SCHUTZHUND CLUBS OF AMERICA, et al.,<br><br>    Defendants. | Case No. 19-cv-08459-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS**<br><br>Re: Doc. No. 19 |

Before the Court is defendants United Schutzhund Clubs of America ("USCA") and Jim Alloway's ("Alloway") "Motion to Dismiss Plaintiff's Complaint for Insufficient Service of Process," filed June 16, 2020. Plaintiff Zoltan Nagy ("Nagy") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

In his complaint, filed December 30, 2019, Nagy alleges USCA "hosts, sponsors, and operates German Shepherd working dog shows, competitions, and trials" and that Alloway is "an officer, director, supervisor, or managing agent" thereof. (See Compl. ¶¶ 3-4.) Nagy further alleges he is an "immigrant" from Hungary who was hired by USCA as a "Performance Judge," which position entailed his "judging the participants" in the above-referenced competitions. (See id. at ¶¶ 2, 10.)

Nagy further alleges that, on May 2, 2019, during the "2019 Working Dog Championship," Alloway told him "he would never work as a judge 'in this country' again"

---

[1] By order filed August 20, 2020, the Court took the motion under submission.

(see id. at ¶¶ 23-24), and that, in response thereto, Nagy "made an internal complaint of bias and discrimination" against Alloway, which complaint was "relayed to" Alloway (see id. at ¶ 27). According to Nagy, Alloway prepared a report in which he requested "unspecified discipline" be imposed or "adverse actions" be taken against him (see id. at ¶ 30), and that, based on Alloway's report, the Executive Board of USCA issued a one-year suspension against him, finding he had "acted improperly" in accusing Alloway of being "anti-immigrant" and "racist" (see id. at ¶ 37).

Additionally, according to Nagy, USCA, for the three-year period preceding the filing of his complaint, did not pay him required overtime compensation or minimum wages, or provide him with itemized wage statements. (See id. at ¶¶ 20-21.)

Based on the above allegations, Nagy asserts the following fourteen causes of action: (1) Count I, titled "Violations of Title VII of the Civil Rights Act – Discrimination"; (2) Count II, titled "Violations of Title VII of the Civil Rights Act – Retaliation"; (3) Count III, titled "Violations of Title VII of the Civil Rights Act – Harassment"; (4) Count IV, titled "Violations of the California Fair Employment & Housing Act – Discrimination"; (5) Count V, titled "Violations of the California Fair Employment & Housing Act – Retaliation"; (6) Count VI, titled "Violations of the California Fair Employment & Housing Act – Harassment"; (7) Count VII, titled "Violations of the California Labor Code – Failure to Provide Itemized Wage Statements"; (8) Count VIII, titled "Intentional Interference with Prospective Economic Advantage"; (9) Count IX, titled "Violations of the FLSA, 29 U.S.C. Section 207 et seq[.] – Failure to Pay all Wages Due and Overtime"; (10) Count X, titled "Declaratory Relief"; (11) Count XI, titled "Violations of the California Unruh Civil Rights Act"; (12) Count XII, titled "Violations of the California Labor Code – Failure to Pay all Wages Due and Overtime"; (13) Count XIII, titled "Wrongful Termination in Violation of Public Policy"; and (14) Count XIV, titled "Defamation."[2]

---

[2] The Third, Eighth, Eleventh, and Fourteenth causes of action are brought against USCA and Alloway; the remaining causes of action are brought only against USCA.

After the complaint was filed, Nagy's attorney, on February 4, 2020, requested the law firm then representing USCA accept service of process on behalf of both USCA and Alloway, which request, on February 5, 2020, was denied.  (See Doc. No. 24-1 (Poore Decl., filed July 7, 2020,) Ex. A.)  Thereafter, Nagy's process server, on April 15, 2020, unsuccessfully attempted service on USCA, noting the business was "apparently closed due to coronavirus."  (See Doc. No. 25-1 (Pauley Decl., filed July 7, 2020,) Ex. A.)  USCA was successfully served on May 26, 2020.  (See Doc. No. 14 (Proof of Service, filed May 29, 2020).)  To date, Alloway has not been served.

## DISCUSSION

By the instant motion, USCA and Alloway[3] seek dismissal of the complaint pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(b)(5), a party may file a motion to dismiss based on "insufficient service of process."  See Fed. R. Civ. P. 12(b)(5).  Pursuant to Rule 4(m), service of process must be completed "within 90 days after the complaint is filed."  See Fed. R. Civ. P. 4(m).  In the instant action, the complaint was filed December 30, 2019, and both parties agree the deadline to complete service was March 29, 2020.  As noted, USCA was served on May 26, 2020, and Alloway, to date, has not been served.  Where, as here, service was not completed in accordance with Rule 4(m), the district court, as set forth below, applies a two-step analysis to determine whether to extend the time for such service.  See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

First, as set forth in Rule 4(m), a district court "must extend the time for service" if the plaintiff shows "good cause" for a failure to serve within the requisite 90 days.  See Fed. R. Civ. P. 4(m); see also Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) (holding "Rule 4(m) . . . *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay" (emphasis in original)).  "At a minimum, 'good

---

[3] As Alloway has not been served, he appears here only for the limited purpose of bringing the instant motion.  (See Reply at 2 n.1.)

3

cause' means excusable neglect." See Boudette v. Barnett, 923 F.2d 754, 756 (9th Cir. 1991).

Nagy, in opposition to the instant motion, argues good cause exists for his failure to serve USCA and Alloway in accordance with Rule 4(m), specifically, "the unreasonable refusal of counsel to accept service" and USCA's "offices being closed due to the Covid-19 crisis." (See Opp. at 2:8-9.) Neither argument, however, demonstrates excusable neglect. In particular, as defendants point out, counsel had no legal obligation to accept service and USCA's offices were not closed until after the deadline to serve had already passed. (See Reply at 2:8-9; 4:27.) Accordingly, the Court turns to the second half of the two-step analysis.

Under Rule 4(m), a district court, in the absence of a showing of good cause, nonetheless has discretion to grant an extension. See Efaw, 473 F.3d at 1040. In deciding whether to grant such an extension, a district court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." See id. at 1041 (internal quotation and citation omitted).

Here, as to USCA, the Court finds each of the above-referenced factors weighs in favor of granting an extension. First, it appears the statute of limitations on Nagy's Title VII claims has now run. See 42 U.S.C. § 2000e–5(f)(1) (providing Title VII action must be filed "within ninety days" after plaintiff receives right to sue letter from Equal Employment Opportunity Commission ("EEOC")); (Compl. ¶ 7 (alleging instant action was filed "within 90 days of receipt of the EEOC right to sue letter")). Next, USCA has not shown it has been prejudiced by the delay in service. Lastly, USCA has had actual notice of the action since at least May 26, 2020, when, as noted, it was served with the summons and complaint.

Accordingly, the Court will grant Nagy an extension of the deadline to serve USCA, specifically, an extension to May 26, 2020.

The Court next considers the above-referenced factors with respect to Alloway, and finds three of those factors weigh in favor of granting an extension. Although, unlike

4

USCA, Alloway has not been served, Nagy's Title VII claim against him, like the Title VII claims against USCA, would appear to be time-barred.  Moreover, Alloway has not shown he will be prejudiced by the delay in service, and, as Alloway filed the instant motion on June 16, 2020, it appears he has had actual notice of the action since at least that date.

Accordingly, the Court will grant Nagy an extension of the deadline to serve Alloway, specifically, an extension to September 4, 2020.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. USCA and Alloway's "Motion to Dismiss Plaintiff's Complaint for Insufficient Service of Process" is hereby DENIED.
2. The deadline to serve USCA is hereby EXTENDED to May 26, 2020.
3. The deadline to serve Alloway, and to file proof of such service, is hereby EXTENDED to September 4, 2020.  If Nagy fails to file proof of service by said deadline, the Court, as to Alloway, will dismiss the action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: August 24, 2020

MAXINE M. CHESNEY
United States District Judge