IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOLTAN NAGY,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED SCHUTZHUND CLUBS OF AMERICA,<br><br>        Defendant. | Case No. 19-cv-08459-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE; TRANSFERRING ACTION TO EASTERN DISTRICT OF MISSOURI** |

Before the Court is defendant United Schutzhund Clubs of America's ("USCA") "Motion to Transfer Venue," filed October 27, 2020, by which USCA seeks to transfer the instant action to the Eastern District of Missouri, wherein its sole office is located. Plaintiff Zoltan Nagy ("Nagy") has filed opposition, to which USCA has replied. The matter came on regularly for hearing on December 4, 2020. Lauren E. Wertheimer of Lewis Brisbois Bisgaard & Smith LLP appeared on behalf of USCA; James Mills of the Law Office of James Mills appeared on behalf of Nagy.

Having considered the parties' respective written submissions as well as the arguments of counsel at the hearing, the Court, for the reasons discussed below and in greater detail on the record at the hearing, finds transfer of the instant action to the Eastern District of Missouri is appropriate.

At the outset, the Court notes that, although USCA failed to timely file a motion under Rule 12(b)(3) of the Federal Rules of Civil Procedure and thereby waived any challenge to venue under 28 U.S.C. § 1406(a), the above-titled action, in the absence of such waiver, could not have been brought in the Northern District of California.

1  Specifically, no event relevant to the instant claims occurred in this district, nor does
2  USCA have any connection with this district. See 28 U.S.C. § 1391(b) (setting forth
3  venue requirements for civil actions subject to general venue statute); 42 U.S.C. § 2000e-
4  5(f)(3) (setting forth venue requirements for Title VII claims).[1]

5  Nevertheless, USCA has made a persuasive argument in support of transfer for
6  convenience under 28 U.S.C. § 1404(a). In that regard, the Court finds venue would
7  have been proper in the Eastern District of Missouri, where USCA resides and has its
8  headquarters, and, as discussed below, the relevant factors weigh in favor of transfer.
9  See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) ("requir[ing] the
10 court to weigh multiple factors in its determination whether transfer is appropriate in a
11 particular case"); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th
12 Cir. 1986) (setting forth "private and public interest factors affecting the convenience of
13 the forum").

14 In particular, four factors weigh in favor of transfer, namely, (1) the convenience of
15 the witnesses, often considered the "most important factor," and particularly the
16 convenience of non-party witnesses, see Martin v. Glob. Tel*Link Corp., No. 15-CV-
17 00449-YGR, 2015 WL 2124379, at *4 (N.D. Cal. May 6, 2015), (2) the difference in the
18 costs of litigation in the two forums, and particularly "the cost of obtaining attendance of
19 willing witnesses," see Decker Coal Co., 805 F.2d at 843, (3) the ease of access to
20 sources of proof, and (4) the contacts relating to plaintiff's cause of action in the chosen
21 forum, whereas three factors weigh against transfer, namely, (1) the state that is most
22 familiar with the governing law if, in addition to his federal claims, Nagy has viable claims
23 under California law, (2) plaintiff's choice of forum, and (3) the availability of compulsory
24 process to compel attendance of unwilling non-party witnesses, all of which, in this
25 instance, weigh only slightly in the balance.[2]

---

[1] The only connection between the instant action and California is Nagy's residence, which has no bearing on whether venue, in the first instance, is proper.

[2] The remaining factors, namely, the location where the relevant agreements were

2

Accordingly, the Motion to Transfer Venue is hereby GRANTED, and the instant action is hereby TRANSFERRED to the Eastern District of Missouri.

**IT IS SO ORDERED.**

Dated: December 9, 2020

MAXINE M. CHESNEY
United States District Judge

---

negotiated and executed, the respective parties' contacts with the forum, any local interest in the controversy, and the relative court congestion and time of trial in each forum, weigh neither in favor of nor against transfer.